NORTHCUTT, Judge.
This appeal arises from a dispute between Tieu Quoc Tran and the Hills-borough County Board of County Commissioners, Health and Social Services Department, concerning medical bills the County paid on Tran’s behalf after he was injured on Joan Fragnoli’s property. Tran sued Fragnoli in Pinel-las County. Although his damages were substantial, there were significant liability issues. As a result, the parties settled on the morning of trial. When Tran’s counsel notified the County of the settlement, the County demanded that Tran reimburse the entire amount of his medical bills. Tran attempted to compromise the amount, claiming it should be reduced by his attorney’s fees and costs, and by factors such as comparative negligence or the difficult liability issue. When he and the County could not reach an agreement, he filed a motion in his Pinellas County suit, seeking equitable distribution pursuant to section 768.76, Florida Statutes (1999). The court denied Tran’s motion, finding that it had no jurisdiction over the County. In its order, the court also declared that Tran’s contract with the County obligated him to repay the full amount of the medical expenses paid on his behalf.
We affirm the order insofar as the court found it lacked jurisdiction to adjudicate the rights of a non-party. See Rustom v. Sparling, 685 So.2d 90 (Fla. 4th DCA 1997). But without jurisdiction, the court had no authority to decide the merits of Tran’s motion. We therefore reverse the court’s ruling concerning Tran’s obligation under the contract. That ruling shall have *940 no effect on any other suit that the County may file against Tran, or he against it.
Affirmed in part, reversed in part.
WHATLEY, J., and DANAHY, PAUL W., Senior Judge, Concur.